# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAJUAN SMITH,

        Petitioner,         Case Number: 2:10-CV-12607

v.        HON. JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Lajuan Smith has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. In the petition, Petitioner challenges his convictions for felon in possession of a firearm, felony firearm, and carrying a concealed weapon. He claims that his convictions are not supported by sufficient evidence. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.**

Petitioner's convictions arose from events that occurred outside a home in the City of Detroit on March 14, 2007. The Michigan Court of Appeals summarized the testimony adduced at trial as follows:

> Officer Janoskey testified that while approaching several individuals who were drinking in public, he observed defendant make a hand motion from his coat pocket to behind his back. Janoskey did not see a specific object in

>  defendant's hand, but concluded that the motion was an attempt to conceal something. Subsequently, Janoskey noticed a firearm on the step where defendant had been sitting. The next closest individual was several steps above, and about three feet behind defendant. Defendant had two previous felony-firearm convictions.

*People v. Smith*, No. 278587 (Mich. Ct. App. Aug. 28, 2008).

## II.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of felon in possession of a firearm, possession of a firearm during the commission of a felony, and carrying a concealed weapon. On May 21, 2007, he was sentenced to 30 days' probation for the felon in possession of a firearm and carrying a concealed weapon convictions and ten years in prison for the felony-firearm, third offense conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised a single claim for relief: that the evidence was insufficient to show that he possessed the firearm seized from the porch steps. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Smith*, No. 278587 (Mich. Ct. App. Aug. 28, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same sufficiency of the evidence claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Smith*, No. 137525 (Mich. Jan. 21, 2009).

Petitioner then filed the pending petition for a writ of habeas corpus, again claiming that the evidence presented at trial was insufficient to support his conviction.

## III.

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). "In order for a federal court find a state court's

3

application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law'

are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.

Petitioner argues that habeas relief should be granted because the prosecution presented insufficient evidence to prove beyond a reasonable doubt that he possessed the weapon.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of

the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), *quoting Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), *citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674 (2010), *quoting Jackson*, 443 U.S. at 326.

Under Michigan law, the elements of felon in possession of a firearm are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and

(3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See* Mich. Comp. Laws § 750.224f. The elements of felony firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003). Circumstantial evidence and reasonable inferences from such evidence can constitute satisfactory proof of the elements of the crime. *See People v. Carines*, 460 Mich. 750, 757, 597 N.W.2d 130 (1999).

The Michigan Court of Appeals although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's conviction, stating, in relevant part:

> Officer Janoskey indicated that a firearm was found where defendant moved his hand behind his back. The closest individual was three feet away, and was situated above defendant, the motion by defendant, combined with the lack of observed motions by other individuals, plus the absence of any noise that would likely sound if a firearm was tossed at least three feet, could lead a rational trier of fact to conclude beyond a reasonable doubt that defendant was the source of the firearm, regardless of whether the firearm was found directly on defendant's person.
>
> The trial court was in the best position to make credibility determinations used to establish the elements of the case, including whether defendant was in possession of a firearm. The prosecution was not required to disprove all theories that could exonerate defendant as long as the prosecution has presented sufficient evidence to prove the elements of the charged offenses in the face of defendant's contradictory evidence. . . .
>
> Viewing the evidence in the light most favorable to the prosecution,

> sufficient evidence was presented at trial based on Janoskey's observations and reasonable inferences by the trier of fact to establish that defendant possessed the firearm. Once the prosecution established that defendant possessed the firearm, it was not necessary to disprove that others might have possessed the firearm.

*Smith,* slip op. at 2-3.

Possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence. *See People v. Hill*, 433 Mich. 464, 469, 446 N.W.2d 140 (1989). A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *Id.* at 470-71, 446 N.W.2d 140. There was sufficient evidence for a rational trier of fact to conclude that petitioner possessed the firearm recovered from the home to support his convictions for felony-firearm. As the Michigan Court of Appeals noted, testimony at trial established that Petitioner was seated where the weapon was located, Petitioner's hands moved from his coat pocket to behind his back, and it was implausible that someone else had placed the weapon there without the officer seeing it. From this evidence, the trier of fact could reasonably infer that Petitioner placed the weapon behind his back and, therefore, he knew its location and it was reasonably accessible to him.

In light of the direct and circumstantial evidence presented which supported the prosecution's theory that Petitioner possessed the firearm, the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of felon in possession of a firearm and felony firearm beyond a reasonable doubt was reasonable. Habeas relief is not warranted.

V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

### VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

    s/John Corbett O'Meara
    United States District Judge

Date: April 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 8, 2011, using the ECF system and upon Petitioner at Macomb Correctional Facility by first-class U.S. mail.

                                        s/William Barkholz
                                        Case Manager